IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____ **09-21912**

COMFORTEX CORPORATION and )
HUNTER DOUGLAS, INC., )        **CIV-SEITZ**
)
Plaintiffs, )                   MAGISTRATE JUDGE
)                               O'SULLIVAN
v. )
)       ┌─────────────────────────────┐
LOMAN DISTRIBUTORS, INC.; )     │ FILED by _AJS_ D.C.          │
FACTORY BLINDS OF S. FLORIDA, ) │                             │
INC.; MANUEL LOPEZ; and )       │   JUL 0 9 2009              │
JAQUELINE RAMIREZ, )            │ STEVEN M. LARIMORE           │
)                               │ CLERK U. S. DIST. CT         │
Defendants. )                   │ S. D. of FLA. – MIAMI        │
_____)└─────────────────────────────┘

## VERIFIED COMPLAINT

COMES NOW Plaintiffs Comfortex Corporation ("Comfortex") and Hunter Douglas,

Inc. ("Hunter Douglas") and for their Complaint against Defendants Loman Distributors, Inc.;

Factory Blinds of S. Florida, Inc.; Manuel Lopez; and Jaqueline Ramirez, state as follows:

## PRELIMINARY STATEMENT

Comfortex brings claims against Defendants for Defendants' infringement of

Comfortex's federally registered SHANGRI-LA trademark in violation of § 32(a) of the Lanham

Act, 15 U.S.C. § 1114(1); for Defendants' federal unfair competition in violation of § 43(a) of

the Lanham Act, 15 U.S.C. § 1125(a); for Defendants' common law trademark infringement; for

Defendants' common law unfair competition; for Defendants' dilution of Comfortex's

SHANGRI-LA trademark in violation of Fla. Stat. § 495.151; and for Defendants' violation of

the Florida Unfair or Deceptive Trade Practices Act, Fl. St. § 501.201.  Accordingly, Comfortex

seeks, among other relief, a permanent injunction to prevent Defendants from continuing to use Comfortex's SHANGRI-LA mark and from otherwise competing unfairly with Comfortex; actual damages for Defendants' infringing conduct and unfair competition; enhanced damages for Defendants' willful infringement; and the reasonable attorney's fees and costs incurred in prosecuting this action.

Hunter Douglas brings claims against Defendants for Defendants' infringement of certain patents owned by Hunter Douglas in violation of 35 U.S.C. § 271. Accordingly, Hunter Douglas seeks, among other relief, a permanent injunction to prevent Defendants from importing, making, having manufactured by a third party, selling, using, or offering to sell any products that infringe Hunter Douglas' patents; damages in the form of lost profits and/or a reasonable royalty; treble damages for willful infringement; and the reasonable attorney's fees and costs incurred in prosecuting this action.

## THE PARTIES

1.     Comfortex is a corporation organized and existing under the laws of New York, with a principal place of business located at 21 Elm Street, Watervliet, New York 12189.

2.     Hunter Douglas is a corporation organized and existing under the laws of Delaware with a principal place of business located at 2 Park Way, Upper Saddle River, New Jersey 07458.

3.     Comfortex is a wholly-owned subsidiary of Hunter Douglas.

4.     Upon information and belief, Defendant Loman Distributors, Inc. ("Loman") is a corporation organized and existing under the laws of Florida, with a principal place of business located at 2740 NW 112 Avenue, Doral, Florida 33172.

5.      Upon information and belief, Loman may be served with process through service upon its registered agent Manuel Lopez, at 520 S. Shore Drive, Miami Beach, Florida 33141.

6.      Upon information and belief, Defendant Factory Blinds of S. Florida, Inc. ("Factory Blinds") is a corporation organized and existing under the laws of Florida with a principal place of business located at 7278 NW 70 Street, Miami, Florida 33166.

7.      Upon information and belief, Factory Blinds may be served with process through service upon its registered agent Jaqueline Ramirez, at 7278 NW 70 Street, Miami, Florida 33166.

8.      Loman and Factory Blinds are referred to collectively throughout this Complaint as the "Corporate Defendants."

9.      Upon information and belief, Defendant Manuel Lopez ("Lopez") is President, Secretary, Treasurer, sole Director, and controlling shareholder of Loman and resides in and/or conducts business in this District.  Upon further information and belief, Lopez may be personally served with process at 520 South Shore Drive, Miami Beach, Florida 33114.

10.     Upon information and belief, in his capacity as President, Secretary, Treasurer, sole Director and controlling shareholder of Loman, Lopez directs the activities of Loman and has personally participated in and has caused Loman to engage in the acts complained of herein.

11.     Upon further information and belief, Lopez has gained a financial benefit from his participation in the acts complained of herein.

12.     Upon information and belief, Defendant Jaqueline Ramirez ("Ramirez") is President, sole Director and controlling shareholder of Factory Blinds and resides in and/or conducts business in this District.  Upon further information and belief, Ramirez may be personally served with process at  7278 NW 70 Street, Miami, Florida  33166.

3

13.     Upon information and belief, in her capacity as President, sole Director and controlling shareholder of Factory Blinds, Ramirez directs the activities of Factory Blinds and has personally participated in and has caused Factory Blinds to engage in the acts complained of herein.

14.     Upon further information and belief, Ramirez has gained a financial benefit from her participation in the acts complained of herein.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331(a), 1338, and 1367.

16.     This Court has personal jurisdiction over Defendants because each Defendant resides in and/or conducts business in the Southern District of Florida, and has committed a tortious act within this District.

17.     A substantial part of the unlawful acts and violations hereinafter described have occurred and are occurring within the Southern District of Florida, the interstate trade and commerce hereinafter described is affected, in part, within the Southern District of Florida, and each of the Defendants resides within the Southern District of Florida.  Therefore, venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391.

## COUNT I

## COMFORTEX'S CLAIM OF FEDERAL TRADEMARK INFRINGEMENT
## AGAINST DEFENDANTS

18.     The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

4

19.     Comfortex is the owner of the mark SHANGRI-LA for window blinds and shades.   Comfortex is also the owner of United States Registration No. 2,591,830 (the "Registration") on the Principal Register maintained by the United States Patent and Trademark Office for its SHANGRI-LA mark. A true and correct copy of the Certificate of Registration for the SHANGRI-LA mark is attached as Exhibit A.

20.     The Registration is valid and subsisting and has become incontestable under 15 U.S.C. § 1065.  True and correct copies of computer records from the United States Patent and Trademark Office reflecting the current status of the Registration are attached as Exhibit B.

21.     Since at least as early as 1997, Comfortex has continuously used the mark SHANGRI-LA for its window blinds and shades.   True and correct copies of promotional materials showing Comfortex's use of the SHANGRI-LA mark are attached as Exhibit C.  The rights supported by such use of the SHANGRI-LA mark and the goodwill associated therewith inure to the benefit of Comfortex.

22.     Since 1997, Comfortex has spent in excess of five million dollars to advertise and promote throughout the United States window blinds and shades under the SHANGRI-LA mark. As a result of such advertising and promotion of window blinds and shades under the SHANGRI-LA mark, and as evidenced by the Registration, the SHANGRI-LA mark has become well known and widely accepted and respected by the consuming public and in the trade.  As a further result of such advertising, and as evidenced by the Registration, the SHANGRI-LA mark has become distinctive, identifying products emanating only from Comfortex, and symbolizes extremely valuable goodwill, all as evidenced by sales of window blinds and shades under the mark throughout the United States of approximately one hundred million dollars since 1997.

23.     Upon information and belief, the Corporate Defendants, with full knowledge of Comfortex's rights in the SHANGRI-LA mark, have intentionally adopted, advertised, and used Comfortex's SHANGRI-LA mark in connection with the promotion and sale of window blinds and shades.   True and correct copies of promotional materials showing the Corporate Defendants' use of the SHANGRI-LA mark for window blinds and shades are attached as Exhibit D.

24.     Upon information and belief, the Corporate Defendants have adopted, advertised, and used the SHANGRI-LA mark in connection with the importation, promotion, and sale of window blinds and shades for the purpose of (i) trading on the goodwill and reputation of Comfortex; (ii) capitalizing on the millions of dollars spent by Comfortex in advertising and promoting its products; and (iii) misleading the purchasing public into believing that the Corporate Defendants and their window blinds and shades are legitimately connected with, sponsored by, or approved by Comfortex.

25.     Upon information and belief, the Corporate Defendants are advertising and promoting their window blinds and shades and businesses in a manner calculated to call to mind the SHANGRI-LA mark and to create the false impression that the Corporate Defendants' businesses and products are affiliated, connected or associated with Comfortex and/or that the Corporate Defendants have the sponsorship or approval of Comfortex.  The public is likely to be misled or deceived by the false impression arising from the Corporate Defendants' use of the SHANGRI-LA mark.

26.     The Corporate Defendants' advertising and promotion of their businesses and products under the SHANGRI-LA mark are likely to cause confusion, mistake and deception as to the source and origin of the Corporate Defendants' products.

27.    The Corporate Defendants' continuing infringing activity demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of Comfortex's customers and potential customers, and to trade on Comfortex's goodwill by implying a similarity, identity, connection, or relationship between the Corporate Defendants' products and businesses and those of Comfortex, as a result of which, Defendants have been and will be unjustly enriched.

28.    Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Lopez has personally participated in and continues to participate in the aforesaid infringing acts of Defendant Loman, and Defendant Lopez directs, controls, ratifies, and is the moving force behind such acts.  As a result, Defendant Lopez is personally liable for such acts.

29.    Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Ramirez has personally participated in and continues to participate in the aforesaid infringing activities of Defendant Factory Blinds, and Defendant Ramirez directs, controls, ratifies, and is the moving force behind such activities. As a result, Defendant Ramirez is personally liable for such acts.

30.    Defendant's aforesaid acts constitute trademark infringement in violation of § 32(1) of the Lanham Act, 15 U.S.C.,  § 1114(1).

31.    The aforesaid acts of Defendants are greatly and irreparably damaging to Comfortex and will continue to be greatly and irreparably damaging to Comfortex unless enjoined by this Court, as a result of which, Plaintiff is without an adequate remedy at law.

## COUNT II

## COMFORTEX'S CLAIM OF FEDERAL UNFAIR COMPETITION

## AGAINST DEFENDANTS

32.    The allegations of Paragraphs 1 to 31 are incorporated by reference and realleged as if fully set forth herein.

33.    The Corporate Defendants' aforesaid acts tend to represent falsely that the Corporate Defendants' products are legitimately connected with Comfortex; tend to describe falsely that Defendants' products emanate from or are sponsored or approved by Comfortex; and tend to designate falsely that the Corporate Defendants' products originate from Comfortex, all of which constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.    Upon information and belief, the Corporate Defendants' aforesaid acts of unfair competition were done willfully and intentionally, in bad faith.

35.    Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Ramirez has personally participated in and continues to participate in the aforesaid acts of unfair competition of Defendant Factory Blinds, and Defendant Ramirez directs, controls, ratifies, and is the moving force behind such acts.  As a result, Defendant Ramirez is personally liable for such acts.

36.    Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Lopez has personally participated in and continues to participate in the aforesaid acts of unfair competition of Defendant Loman Blinds, and Defendant Lopez directs, controls, ratifies, and is the moving force behind such acts. As a result, Defendant Lopez is personally liable for such acts.

37.     The aforesaid acts of Defendants are greatly and irreparably damaging to Comfortex and will continue to be greatly and irreparably damaging to Comfortex unless enjoined by this Court, as a result of which, Comfortex is without an adequate remedy at law.

**COUNT III**

**COMFORTEX'S CLAIM OF COMMON LAW**

**TRADEMARK INFRINGEMENT AGAINST DEFENDANTS**

38.     The allegations of Paragraphs 1 to 37 are incorporated by reference and realleged as if fully set forth herein.

39.     The Corporate Defendants' aforesaid acts constitute common law trademark infringement.

40.     Upon information and belief, the Corporate Defendants' aforesaid acts of infringement were done willfully and intentionally, in bad faith.

41.     Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Lopez has personally participated in and continues to participate in the aforesaid acts of infringement by Defendant Loman, and Defendant Lopez directs, controls, ratifies, and is the moving force behind such acts. As a result, Defendant Lopez is personally liable for such acts.

42.     Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Ramirez has personally participated in and continues to participate in the aforesaid acts of dilution by Defendant Factory Blinds, and Defendant Ramirez directs, controls, ratifies, and is the moving force behind such acts. As a result, Defendant Ramirez is personally liable for such acts.

43.     The aforesaid acts of Defendants are greatly and irreparably damaging to Comfortex and will continue to be greatly and irreparably damaging to Comfortex unless enjoined by this Court, as a result of which, Comfortex is without an adequate remedy at law.

**COUNT IV**

**COMFORTEX'S CLAIM OF COMMON LAW**

**UNFAIR COMPETITION AGAINST DEFENDANTS**

44.     The allegations of Paragraphs 1 to 43 are incorporated by reference and realleged as if fully set forth herein.

45.     The Corporate Defendants' aforesaid acts constitute unfair competition in that:

    (a)     Said acts enable and will continue to enable the Corporate Defendants to obtain the benefit of and trade on the goodwill of Comfortex;

    (b)     Said acts damage and will continue to damage Comfortex's goodwill in that Comfortex does not have control over the businesses and products of the Corporate Defendants;

    (c)     Said acts have caused and are likely to continue to cause confusion, mistake or deception of the public; and

    (d)     Said acts will result in the unjust enrichment of the Corporate Defendants.

46.     Upon information and belief, the Corporate Defendants' aforesaid acts of unfair competition were done willfully and intentionally, in bad faith.

47.     Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Lopez has personally participated in and continues to participate in the aforesaid acts of unfair competition by Defendant Loman, and

10

Defendant Lopez directs, controls, ratifies, and is the moving force behind such acts. As a result, Defendant Lopez is personally liable for such acts.

48.    Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Ramirez has personally participated in and continues to participate in the aforesaid acts of dilution by Defendant Factory Blinds, and Defendant Ramirez directs, controls, ratifies, and is the moving force behind such acts. As a result, Defendant Ramirez is personally liable for such acts.

49.    The aforesaid acts of Defendants are greatly and irreparably damaging to Comfortex and will continue to be greatly and irreparably damaging to Comfortex unless enjoined by this Court, as a result of which, Comfortex is without an adequate remedy at law.

**COUNT V**

**COMFORTEX'S CLAIM FOR VIOLATION**

**OF THE FLORIDA ANTI-DILUTION ACT**

**AGAINST DEFENDANTS**

50.    The allegations of Paragraphs 1 to 49 are incorporated by reference and realleged as if fully set forth herein.

51.    The Corporate Defendants' aforesaid acts dilute Comfortex's SHANGRI-LA mark in that the Corporate Defendants' use of the same has caused and will continue to cause the diminution of the value of the goodwill represented by, and of the distinctiveness of, such mark, all in violation of Fla. Stat. § 495.151.

52.    Upon information and belief, the Corporate Defendants' aforesaid acts of dilution were done willfully and intentionally, in bad faith.

53.     Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Lopez has personally participated in and continues to participate in the aforesaid acts of dilution by Defendant Loman, and Defendant Lopez directs, controls, ratifies, and is the moving force behind such acts.  As a result, Defendant Lopez is personally liable for such acts.

54.     Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Ramirez has personally participated in and continues to participate in the aforesaid acts of dilution by Defendant Factory Blind, and Defendant Ramirez directs, controls, ratifies, and is the moving force behind such acts.  As a result, Defendant Ramirez is personally liable for such acts.

55.     The aforesaid acts of Defendants are greatly and irreparably damaging to Comfortex and will continue to be greatly and irreparably damaging to Comfortex unless enjoined by this Court, as a result of which, Comfortex is without an adequate remedy at law.

## COUNT VI

## COMFORTEX'S CLAIM FOR VIOLATION OF

## THE FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

## AGAINST DEFENDANTS

56.     The allegations of Paragraphs 1 to 55 are incorporated by reference and realleged as if fully set forth herein.

57.     Upon information and belief, the Corporate Defendants' aforesaid acts constitute unfair and deceptive trade practices in violation of Fla. Stat. 501.201 *et seq*.

58.     Upon information and belief, the Corporate Defendants' aforesaid acts of unfair and deceptive trade practices were done willfully and intentionally, in bad faith.

12

59.     Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Lopez has personally participated in and continues to participate in the aforesaid acts of unfair and deceptive trade practices by Defendant Loman, and Defendant Lopez directs, controls, ratifies, and is the moving force behind such acts. As a result, Defendant Lopez is personally liable for such acts.

60.     Upon information and belief, with knowledge of Comfortex's rights in the SHANGRI-LA mark and with specific intent, Defendant Ramirez has personally participated in and continues to participate in the aforesaid acts of dilution by Defendant Factory Blinds, and Defendant Ramirez directs, controls, ratifies, and is the moving force behind such acts. As a result, Defendant Ramirez is personally liable for such acts.

61.     The aforesaid acts of Defendants are greatly and irreparably damaging to Comfortex and will continue to be greatly and irreparably damaging to Comfortex unless enjoined by this Court, as a result of which, Comfortex is without an adequate remedy at law.

## COUNT VII

## HUNTER DOUGLAS' CLAIM FOR INFRINGEMENT

## OF THE '999 PATENT AGAINST DEFENDANTS

62.     The allegations of Paragraphs 1 to 17 are incorporated by reference and realleged as if fully set forth herein.

63.     On May 24, 1994, U.S. Patent No. 5,313,999 (the "'999 Patent") for a "Fabric Light Control Window Covering" was duly and legally issued. The '999 Patent has been at all times since the date of issue, valid and enforceable. A true and correct copy of the '999 Patent is attached as Exhibit E.

64.     Hunter Douglas is the owner by assignment of all right, title and interest in and to the '999 Patent, including all right to recover for any and all past infringement thereof.

65.     The '999 Patent is directed to fabric light control window coverings that include two planes of translucent fabric separated by a plurality of opaque or semi-opaque horizontally extending s-shaped vanes that move between an opened and a closed position when the translucent planes of fabric are raised and lowered relative to each other.   The '999 Patent is further directed to fabric light control window coverings in which one plane of the translucent fabric is different from the other plane of the translucent fabric to prevent the Moire effect, a type of light interference that can cause a wavy pattern on the face of the product.

66.     Hunter Douglas manufactures, distributes, sells and offers to sell products that incorporate the inventions claimed in the '999 Patent under the trademark SILHOUETTE. Comfortex is a customer of Hunter Douglas for products covered by claims of the '999 Patent and sells and offers to sell such products to Comfortex customers under its SHANGRI-LA mark.

67.     Upon information and belief, without permission or license from Hunter Douglas, the Corporate Defendants are importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell window coverings that unlawfully incorporate the inventions described and claimed in the '999 Patent.   The Corporate Defendants' infringing window coverings include horizontal light filtering shades being marketed and sold under the name "SHANGRI-LA" and any and all other fabric light control window coverings that incorporate the inventions described and claimed in the '999 Patent.

68.     Upon information and belief, by importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell the infringing fabric light control window coverings, the Corporate Defendants are directly infringing the '999 Patent.

14

69.     Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '999 Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Loman and continues to do so.  As a result, Lopez is personally liable for direct infringement of the' 999 Patent.

70.     Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '999 Patent and with specific intent, has induced Loman to commit the aforesaid acts of infringement and continues to do so.

71.     Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '999 Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Factory Blinds and continues to do so. As a result, Ramirez is personally liable for direct infringement of the' 999 Patent.

72.     Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '999 Patent and with specific intent, has induced Factory Blinds to commit the aforesaid acts of infringement and continues to do so.

73.     Upon information and belief, Defendants have actively induced others to infringe the '999 Patent and have thus infringed the '999 Patent under 35 U.S.C. § 271(b).

74.     Upon information and belief, the acts of the Defendants complained of herein have been committed intentionally and willfully, with knowledge of Hunter Douglas' rights in the '999 Patent.

75.     Upon information and belief, Defendants will not cease such tortious acts unless enjoined by this Court.

76.     Defendants' acts of direct infringement and inducement of infringement have and will continue to damage Hunter Douglas, and Hunter Douglas has no adequate remedy at law.

## COUNT VIII

## HUNTER DOUGLAS' CLAIM FOR INFRINGEMENT

## OF THE '922 PATENT AGAINST DEFENDANTS

77.     The allegations of Paragraphs 1 to 17 are incorporated by reference and realleged as if fully set forth herein.

78.     On March 7, 1995, U.S. Patent No. 5,394,922 (the "'922 Patent") for a "Fabric Light Control Window Covering" was duly and legally issued.  The '922 Patent has been at all times since the date of issue, valid and enforceable.  A true and correct copy of the'922 Patent is attached as Exhibit F.

79.     Hunter Douglas is the owner by assignment of all right, title and interest in and to the '922 Patent, including all right to recover for any and all past infringement thereof.

80.     The '922 Patent is directed to fabric light control window coverings that include two planes of translucent fabric separated by a plurality of opaque or semi-opaque horizontally extending s-shaped vanes that move between an opened and a closed position when the translucent planes of fabric are raised and lowered relative to each other.   The '922 Patent is further directed to fabric light control window coverings in which one plane of the translucent fabric is different from the other plane of the translucent fabric to prevent the Moire effect, a type of light interference that can cause a wavy pattern on the face of the product.

81.     Hunter Douglas manufactures, distributes, sells and offers to sell products that incorporate the inventions claimed in the '922 Patent under the trademark SILHOUETTE. Comfortex is a customer of Hunter Douglas for products covered by claims of the '922 Patent and sells and offers to sell such products to Comfortex customers under its SHANGRI-LA mark.

82.     Upon information and belief, without permission or license from Hunter Douglas, the Corporate Defendants are importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell window coverings that unlawfully incorporate the inventions described and claimed in the '922 Patent.   The Corporate Defendants' infringing window coverings include horizontal light filtering shades being marketed and sold under the name "SHANGRI-LA" and any and all other fabric light control window coverings that incorporate the inventions described and claimed in the '922 Patent.

83.     Upon information and belief, by importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell the infringing fabric light control window coverings, the Corporate Defendants are directly infringing the '922 Patent.

84.     Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '922 Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Loman and continues to do so.  As a result, Lopez is personally liable for direct infringement of the '922 Patent.

85.     Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '922 Patent and with specific intent, has induced Loman to commit the aforesaid acts of infringement and continues to do so.

86.     Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '922 Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Factory Blinds and continues to do so. As a result, Ramirez is personally liable for direct infringement of the '922 Patent.

87.     Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '922 Patent and with specific intent, has induced Factory Blinds to commit the aforesaid acts of infringement and continues to do so.

88.     Upon information and belief, Defendants have actively induced others to infringe the '922 Patent and have thus infringed the '922 Patent under 35 U.S.C. § 271(b).

89.     Upon information and belief, the acts of the Defendants complained of herein have been committed intentionally and willfully, with knowledge of Hunter Douglas' rights in the '922 Patent.

90.     Upon information and belief, Defendants will not cease such tortious acts unless enjoined by this Court.

91.     Defendants' acts of direct infringement and inducement of infringement have and will continue to damage Hunter Douglas, and Hunter Douglas has no adequate remedy at law.

## COUNT IX

## HUNTER DOUGLAS' CLAIM FOR INFRINGEMENT
## OF THE '797 PATENT AGAINST DEFENDANTS

92.     The allegations of Paragraphs 1 to 17 are incorporated by reference and realleged as if fully set forth herein.

93.     On September 5, 2000, U.S. Patent No. 6,112,797 (the "'797 Patent")  for an "Apparatus for Fabricating a Light Control Window Covering" was duly and legally issued.  The '797 Patent has been at all times since the date of issue, valid and enforceable.  A true and correct copy of the '797 Patent is attached as Exhibit G.

94.     Hunter Douglas is the owner by assignment of all right, title and interest in and to the '797 Patent, including all right to recover for any and all past infringement thereof.

95.     The '797 Patent is directed to fabric light control window coverings that include two planes of translucent fabric separated by a plurality of opaque or semi-opaque horizontally extending s-shaped vanes that move between an opened and a closed position when the translucent planes of fabric are raised and lowered relative to each other.   The '797 Patent is further directed to fabric light control window coverings in which one plane of the translucent fabric is different from the other plane of the translucent fabric to prevent the Moire effect, a type of light interference that can cause a wavy pattern on the face of the product.

96.     Hunter Douglas manufactures, distributes, sells and offers to sell products that incorporate the inventions claimed in the '797 Patent under the trademark SILHOUETTE. Comfortex is a customer of Hunter Douglas for products covered by claims of the '797 Patent and sells and offers to sell such products to Comfortex customers under its SHANGRI-LA mark.

97.     Upon information and belief, without permission or license from Hunter Douglas, the Corporate Defendants are importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell window coverings that unlawfully incorporate the inventions described and claimed in the '797 Patent.   The Corporate Defendants' infringing window coverings include horizontal light filtering shades being marketed and sold under the name "SHANGRI-LA" and any and all other fabric light control window coverings that incorporate the inventions described and claimed in the '922 Patent.

98.     Upon information and belief, by importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell the infringing fabric light control window coverings, the Corporate Defendants are directly infringing the '797 Patent.

99.     Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '797 Patent and with specific intent, has participated in, approved, and

19

aided and abetted the aforesaid acts of infringement by Loman and continues to do so. As a result, Lopez is personally liable for direct infringement of the '797 Patent.

100. Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '797 Patent and with specific intent, has induced Loman to commit the aforesaid acts of infringement and continues to do so.

101. Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '797 Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Factory Blinds and continues to do so. As a result, Ramirez is personally liable for direct infringement of the '797 Patent.

102. Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '797 Patent and with specific intent, has induced Factory Blinds to commit the aforesaid acts of infringement and continues to do so.

103. Upon information and belief, Defendants have actively induced others to infringe the '797 Patent and have thus infringed the '797 Patent under 35 U.S.C. § 271(b).

104. Upon information and belief, the acts of the Defendants complained of herein have been committed intentionally and willfully, with knowledge of Hunter Douglas' rights in the '797 Patent.

105. Upon information and belief, Defendants will not cease such tortious acts unless enjoined by this Court.

106. Defendants' acts of direct infringement and inducement of infringement have and will continue to damage Hunter Douglas, and Hunter Douglas has no adequate remedy at law.

## COUNT X

## HUNTER DOUGLAS' CLAIM FOR INFRINGEMENT

## OF THE '369 PATENT AGAINST DEFENDANTS

107.   The allegations of Paragraphs 1 to 17 are incorporated by reference and realleged as if fully set forth herein.

108.   On February 10, 2004, U.S. Patent No. 6,688,369 B2 (the "'369 Patent")  for a "Fabric Light Control Window Covering" was duly and legally issued.  The '369 Patent has been at all times since the date of issue, valid and enforceable.  A true and correct copy of the '369 Patent is attached as Exhibit H.

109.   Hunter Douglas is the owner by assignment of all right, title and interest in and to the '369 Patent, including all right to recover for any and all past infringement thereof.

110.   The '369 Patent is directed to fabric light control window coverings that include two planes of translucent fabric separated by a plurality of opaque or semi-opaque horizontally extending s-shaped vanes that move between an opened and a closed position when the translucent planes of fabric are raised and lowered relative to each other.   The '369 Patent is further directed to fabric light control window coverings in which one plane of the translucent fabric is different from the other plane of the translucent fabric to prevent the Moire effect, a type of light interference that can cause a wavy pattern on the face of the product.

111.   Hunter Douglas manufactures, distributes, sells and offers to sell products that incorporate the inventions claimed in the '369 Patent under the trademark SILHOUETTE. Comfortex is a customer of Hunter Douglas for products covered by claims of the '369 Patent and sells and offers to sell such products to Comfortex customers under its SHANGRI-LA mark.

112.    Upon information and belief, without permission or license from Hunter Douglas, the Corporate Defendants are importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell window coverings that unlawfully incorporate the inventions described and claimed in the '369 Patent.   The Corporate Defendants' infringing window coverings include horizontal light filtering shades being marketed and sold under the name "SHANGRI-LA" and any and all other fabric light control window coverings that incorporate the inventions described and claimed in the '369 Patent.

113.    Upon information and belief, by importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell the infringing fabric light control window coverings, the Corporate Defendants are directly infringing the '369 Patent.

114.    Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '369 Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Loman and continues to do so.  As a result, Lopez is personally liable for direct infringement of the '369 Patent.

115.    Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '369 Patent and with specific intent, has induced Loman to commit the aforesaid acts of infringement and continues to do so.

116.    Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '369 Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Factory Blinds and continues to do so. As a result, Ramirez is personally liable for direct infringement of the '369 Patent.

117.   Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the 369 Patent and with specific intent, has induced Factory Blinds to commit the aforesaid acts of infringement and continues to do so.

118.   Upon information and belief, Defendants have actively induced others to infringe the '369 Patent and have thus infringed the '369 Patent under 35 U.S.C. § 271(b).

119.   Upon information and belief, the acts of the Defendants complained of herein have been committed intentionally and willfully, with knowledge of Hunter Douglas' rights in the '369 Patent.

120.   Upon information and belief, Defendants will not cease such tortious acts unless enjoined by this Court.

121.   Defendants' acts of direct infringement and inducement of infringement have and will continue to damage Hunter Douglas, and Hunter Douglas has no adequate remedy at law.

## COUNT XI

### HUNTER DOUGLAS' CLAIM FOR INFRINGEMENT

### OF THE '378 PATENT AGAINST DEFENDANTS

122.   The allegations of Paragraphs 1 to 17 are incorporated by reference and realleged as if fully set forth herein.

123.   On June 13, 2006, U.S. Patent No. 7,059,378 B2 (the "'378 Patent")  for a "Fabric Light Control Window Covering" was duly and legally issued.  The '378 Patent has been at all times since the date of issue, valid and enforceable.  A true and correct copy of the'378 Patent is attached as Exhibit I.

124.   Hunter Douglas is the owner by assignment of all right, title and interest in and to the '378 Patent, including all right to recover for any and all past infringement thereof.

125.    The '378 Patent is directed to fabric light control window coverings that include two planes of translucent fabric separated by a plurality of opaque or semi-opaque horizontally extending s-shaped vanes that move between an opened and a closed position when the translucent planes of fabric are raised and lowered relative to each other.   The '378 Patent is further directed to fabric light control window coverings in which one plane of the translucent fabric is different from the other plane of the translucent fabric to prevent the Moire effect, a type of light interference that can cause a wavy pattern on the face of the product.

126.    Hunter Douglas manufactures, distributes, sells and offers to sell products that incorporate the inventions claimed in the '378 Patent under the trademark SILHOUETTE. Comfortex is a customer of Hunter Douglas for products covered by claims of the '378 Patent and sells and offers to sell such products to Comfortex customers under its SHANGRI-LA mark.

127.    Upon information and belief, without permission or license from Hunter Douglas, the Corporate Defendants are importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell window coverings that unlawfully incorporate the inventions described and claimed in the '378 Patent.   The Corporate Defendants' infringing window coverings include horizontal light filtering shades being marketed and sold under the name "SHANGRI-LA" and any and all other fabric light control window coverings that incorporate the inventions described and claimed in the '378 Patent.

128.    Upon information and belief, by importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell the infringing fabric light control window shades, the Corporate Defendants are directly infringing the '378 Patent.

129.    Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '378 Patent and with specific intent, has participated in, approved, and

24

aided and abetted the aforesaid acts of infringement by Loman and continues to do so. As a result, Lopez is personally liable for direct infringement of the '378 Patent.

130. Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '378 Patent and with specific intent, has induced Loman to commit the aforesaid acts of infringement and continues to do so.

131. Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '378 Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Factory Blinds and continues to do so. As a result, Ramirez is personally liable for direct infringement of the '378 Patent.

132. Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '378 Patent and with specific intent, has induced Factory Blinds to commit the aforesaid acts of infringement and continues to do so.

133. Upon information and belief, Defendants have actively induced others to infringe the '378 Patent and have thus infringed the '378 Patent under 35 U.S.C. § 271(b).

134. Upon information and belief, the acts of the Defendants complained of herein have been committed intentionally and willfully, with knowledge of Hunter Douglas' rights in the '378 Patent.

135. Upon information and belief, Defendants will not cease such tortious acts unless enjoined by this Court.

136. Defendants' acts of direct infringement and inducement of infringement have and will continue to damage Hunter Douglas, and Hunter Douglas has no adequate remedy at law.

## COUNT XII

## HUNTER DOUGLAS' CLAIM FOR INFRINGEMENT

## OF THE '196 DESIGN PATENT AGAINST DEFENDANTS

137. The allegations of Paragraphs 1 to 17 are incorporated by reference and realleged as if fully set forth herein.

138. On April 30, 2002, U.S. Patent No. D456,196 (the "'196 Patent") for a "Fabric Light Control Window Covering" was duly and legally issued. The '196 Design Patent has been at all times since the date of issue, valid and enforceable. A true and correct copy of the '196 Design Patent is attached as Exhibit J.

139. Hunter Douglas is the owner by assignment of all right, title and interest in and to the '196 Design Patent, including all right to recover for any and all past infringement thereof.

140. The '196 Design Patent is directed to an ornamental design for a fabric light control window covering.

141. Hunter Douglas manufactures, distributes, sells and offers to sell products that incorporate the inventions claimed in the '196 Design Patent under the trademark SILHOUETTE. Comfortex is a customer of Hunter Douglas for products covered by claims of the '196 Design Patent and sells and offers to sell such products to Comfortex customers under its SHANGRI-LA mark.

142. Upon information and belief, without permission or license from Hunter Douglas, the Corporate Defendants are importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell window coverings that unlawfully incorporate the inventions described and claimed in the '196 Design Patent. The Corporate Defendants' infringing window coverings include horizontal light filtering shades being marketed and sold under the name

26

"SHANGRI-LA" and any and all other fabric light control window coverings that incorporate the inventions described and claimed in the '196 Design Patent.

143.    Upon information and belief, by importing, manufacturing, having manufactured by a third party, using, selling and/or offering to sell the infringing fabric light control window coverings, the Corporate Defendants are directly infringing the '196 Design Patent.

144.    Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '196 Design Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Loman and continues to do so.  As a result, Lopez is personally liable for direct infringement of the '196 Design Patent.

145.    Upon information and belief, Defendant Lopez, with knowledge of Hunter Douglas' rights in the '196 Design Patent and with specific intent, has induced  Loman to commit the aforesaid acts of infringement and continues to do so.

146.    Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '196 Design Patent and with specific intent, has participated in, approved, and aided and abetted the aforesaid acts of infringement by Factory Blinds and continues to do so.  As a result, Ramirez is personally liable for direct infringement of the '196 Design Patent.

147.    Upon information and belief, Defendant Ramirez, with knowledge of Hunter Douglas' rights in the '196 Design Patent and with specific intent, has induced Factory Blinds to commit the aforesaid acts of infringement and continues to do so.

148.    Upon information and belief, Defendants have actively induced others to infringe the '196 Design Patent and have thus infringed the '196 Design Patent under 35 U.S.C. § 271(b).

149.    Upon information and belief, the acts of the Defendants complained of herein have been committed intentionally and willfully, with knowledge of Hunter Douglas' rights in the '196 Patent.

150.    Upon information and belief, Defendants will not cease such tortious acts unless enjoined by this Court.

151.    Defendants' acts of direct infringement and inducement of infringement have and will continue to damage Hunter Douglas, and Hunter Douglas has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiffs Comfortex and Hunter Douglas hereby demand a trial by jury of all issues so triable.

WHEREFORE, Comfortex and Hunter Douglas pray that judgment on all claims of the Complaint be entered for Plaintiffs and against Defendants;

WHEREFORE, Comfortex further prays for the following:

(a)    that Defendants, their officers, agents, servants, representatives, employees, attorneys, successors, assigns, heirs, and all other persons in active concert or participation with them, be permanently enjoined and restrained from:

(1)    Using, in the importation, advertisement, promotion, merchandising, distributing, offering for sale, and sale of window coverings of any kind,  the mark SHANGRI-LA or any colorable imitation of such mark;

(2)    Expressly or impliedly representing themselves to customers, potential customers, or the public to be affiliated in any way with Comfortex in connection with

28

the importation, advertisement, promotion, merchandising, distributing, offering for sale, and sale of window coverings of any kind;

(3)     Representing by words or conduct that any product or service provided, offered for sale, imported, sold, advertised, or rendered by Defendants is authorized, sponsored or endorsed by or otherwise connected with Comfortex;

(4)     Otherwise infringing the SHANGRI-LA mark;

(5)     Diluting the SHANGRI-LA mark; and

(6)     Competing unfairly with Comfortex in any manner;

(b)     that Comfortex receive from Defendants three times Comfortex's actual damages caused by the acts of Defendants, and Defendants' profits from any sales of goods under the SHANGRI-LA mark or any colorable imitation of such mark;

(c)     that the Court find this case to be exceptional under 15 U.S.C. § 1117(a);

(d)     that Defendants be required to pay Comfortex the costs of this action, together with reasonable attorneys' fees and disbursements;

(e)     that Defendants be ordered to deliver up for destruction all labels, signs, prints, insignia, brochures, and any other written or recorded material or advertisements in their possession or control containing the mark SHANGRI-LA or any colorable imitation of the Marks;

(f)     that Defendants be required, in accordance with 15 U.S.C. § 1115, to file with this Court and serve on Comfortex  within thirty (30) days from the date of entry of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction; and

(g)     that Comfortex have such other and further relief as the Court deems just and equitable;

and WHEREFORE, Hunter Douglas prays for the following:

(a)     that pursuant to 35 U.S.C. § 289, Defendants be ordered to pay to Hunter Douglas all of Defendants' profits arising from Defendants' infringement of the '196 Design Patent, the exact extent of which cannot be determined by Hunter Douglas, or, alternatively, that Defendants be ordered to account to Hunter Douglas for the actual damages suffered by Hunter Douglas as a result of Defendants' acts of infringement as set forth in this Complaint, the exact extent of which cannot be determined by Hunter Douglas;

(b)     that Defendants, their officers, agents, servants, representatives, employees, attorneys, successors, assigns, heirs, and all persons acting in concert or participation with them, be permanently enjoined from:

(1)     using, manufacturing, importing, having manufactured by a third party, selling, or offering to sell the "Shangri-La" window covering or any other fabric light control window covering that directly infringes any of the patents in suit;

(2)     actively inducing any other person to infringe any of the patents-in-suit; and

(3)     performing any further acts of infringement of any of the patents-in-suit;

(c)     that in the event that damages are awarded (as opposed to profits under 35 U.S.C. § 289), Defendants be ordered to pay Hunter Douglas three times the damages suffered by reason of the willful and intentional infringement of the patents-in-suit, as set forth in this Complaint;

(d)     that the Court find this case to be exceptional under 35 U.S.C. § 285 and award Hunter Douglas its reasonable attorney fees for having to bring this action to preserve their rights in the patents-in-suit and enjoin Defendants' willful infringement of the Patents;

(e)     that Defendant be ordered to deliver up for destruction all "SHANGRI-LA" window coverings  and all other infringing fabric light control window coverings in its possession or control;

(f)     that Hunter Douglas be awarded its costs associated with bringing this action to preserve its rights in the patents-in-suit;

(g)     that Hunter Douglas be awarded prejudgment interest; and

(h)     that Hunter Douglas be granted such other and further relief as this Court may deem just and proper.

Dated: July 8ᵀᴴ, 2009.

Respectfully submitted,

Scott S. Gallagher (FL Bar No. 371970)
sgallagher@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
Bank of America Tower
50 North Laura Street, Suite 2600
Jacksonville, Florida  32202
Telephone:  (904) 598-6100
Facsimile:  (904) 598-6300

Of Counsel:

Dale Lischer
Georgia Bar No. 452027
dlischer@sgrlaw.com
Elizabeth G. Borland
Georgia Bar No. 460313
egborland@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
(404) 815-3500
Fax: (404) 815-3509

## **VERIFICATION**

I, Jason Throne, Intellectual Property General Counsel for North America for Hunter Douglas, Inc., declare under penalty of perjury that I have reviewed the Verified Complaint and that the facts contained therein that relate to Hunter Douglas, Inc. and its wholly-owned subsidiary Comfortex Corporation are true and correct to the best of my knowledge, information and belief.

Date: 07/08/09

Jason Throne

℀ JS 44   (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Comfortex Corporation and Hunter Douglas, Inc. | Loman Distributors, Inc.; Factory Blinds of S. Florida, Inc.; Manuel Lopez; and Jaqueline Ramirez |

09-21912

**(b)** County of Residence of First Listed Plaintiff   Albany County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
(904) 598-6100

CIV - SEITZ

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

Attorneys (If Known)

FILED by _JBS_ D.C.

JUL 09 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. OF FLA. – MIAMI

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☑ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

09-CV-21912-Seitz/o'Sullivan

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien | | Statutes |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Re-filed- (see VI below) | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

| VI. RELATED/RE-FILED CASE(S). | (See instructions second page): | a) Re-filed Case ☐ YES ☑ NO | | b) Related Cases ☐ YES ☑ NO |
|---|---|---|---|---|
| | JUDGE | | DOCKET NUMBER | |

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. 271; 15 U.S.C. 1114, 1125; Trademark infringement, unfair competition, patent infringement

LENGTH OF TRIAL via   10   days estimated (for both sides to try entire case)

| VIII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No |
|---|---|---|---|

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
July 8, 2009

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 10042494

07/09/09